UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

IN RE: DePuy ORTHOPAEDICS, INC. )
ASR HIP IMPLANT PRODUCTS ) MDL No. 1: 10 md 2197
LIABILITY LITIGATION ) Individual Case No.: 1:11-dp-22758
) **SHORT FORM COMPLAINT**
) **FOR**
) **DePUY ORTHOPAEDICS, INC.**
) **ASR HIP IMPLANT PRODUCTS**
) **LIABILITY LITIGATION**

---

This Applies to:

Kevin Brown and Tori Brown v. DePuy           **JURY TRIAL DEMAND**
Orthopaedics, Inc. *et al.*

---

KEVIN BROWN and TORI BROWN,

        Plaintiffs,

  -against-

DePUY ORTHOPAEDICS, INC., DePUY
INC., DePuy INTERNATIONAL LIMITED,
JOHNSON & JOHNSON, JOHNSON &
JOHNSON SERVICES, INC.
JOHNSON & JOHNSON INTERNATIONAL,

        Defendants

---

### ABBREVIATED SHORT FORM COMPLAINT FOR DePUY ORTHOPAEDICS, INC. ASR HIP IMPLANT PRODUCTS LIABILITY LITIGATION

    1.    Plaintiffs, Kevin Brown and Tori Brown , state and bring this civil action before the Court for the United States District Court for the Northern District of Ohio as a related action in the matter entitled <u>IN RE: DePUY ORTHOPAEDICS, INC. ASR HIP IMPLANT</u>

1

PRODUCTS LIABILITY LITIGATION, MDL No. 2197.  Plaintiff is filing this short form complaint as permitted by Case Management Order No. 4 of this Court.

## ALLEGATIONS AS TO VENUE

2. Venue of this case is appropriate in the District Court of the State of Maine. Plaintiff states that but for the Order permitting direct filing into the Northern District of Ohio pursuant to Case Management Order No 4, Plaintiff would have filed in the District Court of the State of Maine.  Therefore, Plaintiff respectfully requests that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

3. Plaintiff Brown is a resident and citizen of Maine and claims damages as set forth below.

4. Plaintiff was born on April 23, 1958.

5. Plaintiff claims damages as a result of:

___X___ injury to herself/himself

_____ injury to the person represented

_____ wrongful death

_____ survivorship action

___X___ economic loss

___X___ loss of services

___X___ loss of consortium

## ALLEGATIONS AS TO INJURIES

6. Plaintiff was implanted with a DePuy ASR hip implant on his right hip on or about April 13, 2006 at the Millinocket Regional Hospital, 200 Somerset St., Millinocket, Maine, by Dr. David Wexler.

7. Shortly after the implant, Plaintiff suffered the following personal and economic injuries as a result of the implantation with the ASR hip implant:

   a. Plaintiff has been caused to undergo extensive pain and discomfort;

   b. Plaintiff has been caused to undergo painful corrective surgeries in order to remove the defective ASR Hip;

   c. Plaintiff has been caused to suffer, and will continue to suffer physical, mental and emotional pain, anguish and suffering;

   d. Plaintiff's ability to enjoy life has been greatly diminished;

   e. Plaintiff has been required to undergo multiple painful medical and/or surgical treatments and has incurred the expense thereof;

   f. Plaintiff has in the past, is now, and will in the future be, required to expend monies for future medical treatment, care and monitoring;

   g. Plaintiff has in the past, is now, and will in the future infer other economic losses.

8. Plaintiff had the right ASR hip implant explanted on December 11, 2007, at Millinocket Regional Hospital, 200 Somerset St., Millinocket, Maine, by Dr. David Wexler.

9. Plaintiff has suffered injuries as a result of implantation and explantation of the DePuy ASR hip implant manufactured by Defendants as shall be fully set forth in Plantiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

10. At the time of implantation with the ASR hip implant, the Plaintiff resided at 139 Bates Street, Millinocket, Maine.

11. The Defendants by their actions or inactions, proximately caused Plaintiff's injuries.

12. The Plaintiff could not have known that the injuries he suffered were as a result of a defect in the ASR hip implant until after the date the device was recalled from the market and the Plaintiff came to learn of the recall.

13. The Plaintiff could not have known that he was injured by excessive levels of chromium and cobalt until after the date he had his blood drawn and he was advised of the results of said blood-work.

14. As a result of the injuries Plaintiff sustained, he is entitled to recover compensatory damages for pain and suffering and emotional distress and for economic loss as well as punitive damages.

**ALLEGATIONS AS TO DEFENDANTS**
**SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

15. The following claims and allegations are asserted by Plaintiff(s) and are herein adopted by reference:

 _X_ FIRST CAUSE OF ACTION
   (NEGLIGENCE);

 _X_ SECOND CAUSE OF ACTION
   (NEGLIGENCE PER SE);

 _X_ THIRD CAUSE OF ACTION
   (STRICT PRODUCTS LIABILITY-DEFECTIVE DESIGN);

 _X_ FOURTH CAUSE OF ACTION
   (STRICT PRODUCTS LIBILITY-MANUFACTURING DEFECT)'

_X_  FIFTH CAUSE OF ACTION
(STRICT PRODUCTS LIABILITY-FAILURE TO WARN);

_X_  SIXTH CAUSE OF ACTION
(BREACH OF EXPRESS WARRANTY);

_X_  SEVENTH CAUSE OF ACTION
(BREACH OF WARRANTY AS TO MERCHANTABILITY);

_X_  EIGHTH CAUSE OF ACTION
(BREACH OF IMPLIED WARRANTIES);

_X_  NINTH CAUSE OF ACTION
(FRAUDULENT MISREPRESENTATION);

_X_  TENTH CAUSE OF ACTION
(FRAUDULENT CONCEALMENT);

_X_  ELEVENTH CAUSE OF ACTION
(NEGLIGENT MISREPRESENTATION);

_X_  TWELFTH CAUSE OF ACTION
(FRAUD AND DECEIT);

_X_  THIRTEENTH CAUSE OF ACTION
(UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW);

_X_  FOURTEENTH CAUSE OF ACTION
(MISREPRESENTATION BY OMISSION);

_X_  FIFTEENTH CAUSE OF ACTION
(CONSTRUCTIVE FRAUD);

_X_  SIXTEENTH CAUSE OF ACTION
(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS);

_X_  SEVENTEENTH CAUSE OF ACTION
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS);

_X_  EIGHTEENTH CAUSE OF ACTION
(GROSS NEGLIGENCE/MALICE);

_X_  NINETEENTH CAUSE OF ACTION
(LOSS OF CONSORTIUM);

_X__ TWENTIETH CAUSE OF ACTION
(PUNITIVE DAMAGES);

_X_ TWENTY-FIRST CAUSE OF ACTION
(MEDICAL MONITORING);

_X_ TWENTY-SECOND CAUSE OF ACTION
(VIOLATION OF APPLICABLE STATE CONSUMER FRAUD STATUTE)
Me. Rev. Stat. Ann. tit. 5, §§ 205A *et seq.*

_X_ TWENTY-THIRD CAUSE OF ACTION
(RESTITUTION OF ALL PURCHASE COSTS AND DISGORGEMENT OF ALL PROFITS FROM MONIES THAT PLAINTIFF INCURRED IN PURCHASE OF THE HIP IMPLANT)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against defendants as follows:

1. For compensatory damages requested and according to proof;

2. For punitive or exemplary damages against Defendants;

3. For all applicable statutory damages of the state whose laws will govern this action;

4. For medical monitoring, whether denominated as damages or in the form of equitable relief;

5. For an award of attorneys' fees and costs;

6. For prejudgment interest and the costs of suit; and

7. For such other and further relief as this Court may deem just and proper;

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all claims in this action.

Date: November 18, 2011

Respectfully Submitted,

**BROWN & CROUPPEN**

By: /s/Seth S. Webb_____
SETH S. WEBB-MO#51236
211 N. Broadway, Suite 1600
St. Louis, MO 63102
(314) 421-0216
(314) 421-0359 (facsimile)
sethw@getbc.com


**GOZA & HONNOLD, LLC**

By:  /s/ Kirk Goza_____
KIRK GOZA – MO# 32475
BRAD HONNOLD – MO# 39818
ROGER NAIL – MO# 47534
KEVIN CHAFFEE – MO# 63462
11150 Overbrook Rd., Ste. 250
Leawood, KS 66211
(913) 451-3433
(913) 273-0509 Facsimile
kgoza@gohonlaw.com
bhonnold@gohonlaw.com
rnail@gohonlaw.com
kchaffee@gohonlaw.com

**THE POPHAM LAW FIRM, P.C.**

By:  /s/ Wm. Dirk Vandever_____
WM. DIRK VANDEVER – MO# 24463
MARK SCHLOEGEL – MO# 58870
712 Broadway, Suite 100
Kansas City, MO 64105
Fax:        (816) 221-3999

ATTORNEYS FOR PLAINTIFF